UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICIA MONET CONNER,

           Plaintiff/Appellant,

v.

UNITED STATES DEPARTMENT OF
EDUCATION and EDUCATIONAL CREDIT
MANAGEMENT CORPORATION,

           Defendant/Appellees.

_____/

Case No. 15-10541

Honorable John Corbett O'Meara

## OPINION AND ORDER
## AFFIRMING JUDGMENT OF THE BANKRUPTCY COURT

This matter came before the court on appellant Patricia Monet Conner's February 11, 2015 appeal of the bankruptcy court's order of judgment. Appellant filed her brief November 2, 2015; appellee Educational Credit Management Corporation ("ECMC") filed its brief November 30, 2015; and appellee United States Department of Education ("DOE") filed its brief December 1, 2015. Appellant filed her reply brief December 14, 2015. No oral argument was heard. This court has subject matter jurisdiction over this appeal pursuant to 28 U.S.C. § 158(a)(1).

## BACKGROUND FACTS

Appellant Conner is a single, 61 year-old mother of a teenaged daughter. She sought a bankruptcy court discharge for student loan debt of at least $214,746.50. Conner incurred this debt by taking out 26 separate loans between 1992 and 2006. The loans are divided equally between DOE and ECMC or its predecessor in interest. She obtained three degrees from Wayne State University in business administration, education, and communication; however, her entire student loan debt is solely attributable to graduate-level education she completed in 2005 or 2006.

Conner has maintained full-time employment as a teacher with Detroit Public Schools for the last 16 years. Her annual gross incomes for years 2009-2013 were as follows: $58,369.00; $60,118.00; $58877.16; and $62,593.16, respectively. In addition to her salary from teaching, Connor received an adoption subsidy for her daughter and annuity payments from Minnesota Life Auto during those years. Her average federal tax refund for those years was $4,111.00, or $343.00 per month.

Connor has some health issues, including arthritis-related conditions and baldness, for which she requires several medications. In the opinion of her doctor, however, these conditions are "controllable." Trial Tr. at pp. 6 and 7. Similarly, her teenage daughter has various health issues. In the words of her pediatrician, however, the daughter's prognosis was that "she should do fairly well," and "go on and work a job and have a more or less normal life." Id. at pp. 8 and 22.

According to her disclosures, Conner's monthly expenses average $4,300.00. While her expenses include necessary payments for housing, utilities, medical care and food, she also spends several hundred dollars per month on discretionary items, including a $290/month cellular phone plan.

Connor has admitted that she has never made a voluntary payment on her DOE loans. During the course of the adversary proceeding, the bankruptcy court ordered her to apply for an Income Based Repayment Plan ("IBR") with the DOE. She initially complied and completed a direct loan consolidation application to DOE on July 16, 2014. Based on the information provided, it was determined that her monthly IBR payment amount would be $267.63. However, on August 15, 2014, Connor canceled her application and never established a repayment plan. She sought to have her student loan debt discharged in her bankruptcy proceeding, claiming that it would otherwise

2

impose an undue hardship upon her and her daughter.  The bankruptcy court held that Connor failed to establish that repayment would cause an undue hardship.

## STANDARD OF REVIEW

This court reviews the factual findings of a bankruptcy court for clear error and reviews its legal conclusions *de novo*. <u>In re Oyler</u>, 397 F.3d 382, 384 (6th Cir. 2005).  Whether the repayment of student loan obligations constitutes an "undue hardship" is a legal question reviewed *de novo*. <u>In re Cheesman</u>, 25 F.3d 356, 359 (6th Cir. 1994).

## LAW AND ANALYSIS

The United States Bankruptcy Code provides debtors with a "fresh start."  <u>Grogan v. Garner</u>, 498 U.S. 279, 286-87 (1991).   However, one limitation to a completely unencumbered new beginning for a debtor is found at 11 U.S.C. § 523(a)(8):

> (a)  A discharge under section 727 . . . of this title does not discharge an individual debtor from any debt–
>
> (8) unless excepting such debt from discharge under this paragraph would impose an undue hardship on the debtor and the debtor's dependents for–
>
> (A) (I) an educational benefit overpayment or loan made, insured, or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution; or
>
> (ii) an obligation to repay funds received as an educational benefit, scholarship or stipend; or
>
> (B) any other educational loan that is a qualified education loan, as defined in section 221(d)(I) of the Internal Revenue Code of 1986, incurred by a debtor who is an individual . . . .

Courts endeavoring to give meaning to the term "undue hardship" have settled on the three-prong test from <u>Brunner v. New York State Higher Educ. Servs. Corp.</u>, 831 F.2d 395 (2d Cir. 1987). Under the <u>Brunner</u> rubric, a debtor must show

3

that the debtor cannot maintain, based on current income and expenses, a 'minimal' standard of living for herself and her dependents if forced to repay the loans; (2) that additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period of the student loans; and (3) that the debtor has made good faith efforts to repay the loans.

In re Oyler, 397 F.3d 382, 385 (6th Cir. 2005).

The burden of proving each of these elements rests with the debtor; and if the debtor fails to satisfy any one of these requirements, "the bankruptcy Court's inquiry must end there, with a finding of no dischargeability." In re Faish, 72 F.3d 298, 306 (1996).

In this case Connor has failed to demonstrate that she cannot maintain a minimal standard of living for herself and her daughter if she is required to repay her student loans. Using the numbers provided by Connor, the bankruptcy court found that she had a monthly income of $5,104.00 and deductions of $1,558.00. Connor's claimed expenses were $3,129.00, leaving $417.00 per month available for repayment of student loans. This amount is clearly in excess of the proposed IBR of only $267.00 per month. Because the bankruptcy court used Connor's own income, deduction and expense figures to show she could repay her student loans and maintain her current lifestyle, it committed no error as to the first prong under Brunner. Moreover, the bankruptcy court properly made the following findings: 1) apparel and services expenses were excluded, 2) the adoption subsidy was included, 3) the auto loan was excluded, and 4) medical expenses for Connor and her daughter were considered and applied.

Under the second prong of the Brunner test, Connor must show that additional circumstances exists and are likely to persist for a significant portion of the repayment period. Although Connor argues that she and her daughter suffer health conditions, "the mere existence of a medical condition, no matter the severity, is insufficient to form the basis of 'undue hardship' discharge. Instead, a

4

strong nexus between the medical condition and its adverse effect on the debtor's terms of employment (specifically, a debtor's income) must be shown." In re Morrow, 366 B.R. 774, 778 (Bankr. N.D. Ohio 2007). In this case Connor's health has not prevented her from maintaining her full-time employment. Also, both she and her daughter are insured and receive the necessary medical care to meet their day-to-day challenges.

Connor also claims that her advanced age is an additional circumstance that should be considered under the second Brunner prong. However, courts have regularly held that one's age cannot form the bases of a favorable finding for a debtor who chooses to pursue an education later in life. See In re Jones, 376 B.R. 130, 139 (W.D. Tex. 2007); In re Fabrizio, 369 B.R. 238, 249 (Bankr. W.D. Pa. 2007); In re Waterhouse, 333 B.R. 103, 112 (W.D. N.C. 2005).

As for the third prong of the Brunner test, the bankruptcy court found

> [Connor's] failure to make any voluntary payments on her student loan debt . . . combined with her steadfast refusal to participate in a process which would have required income based repayments in exchange for potential total forgiveness of debt should her income fall below the poverty guidelines, demonstrate a lack of good faith.

Opinion at p. 21.

The court finds that Connor has shown no willingness to pay the student loan obligations she voluntarily obtained.

5

## **ORDER**

Finding no error in the judgment of the bankruptcy court, it is hereby **ORDERED** that the

judgment is **AFFIRMED.**

s/John Corbett O'Meara
United States District Judge

Date:  March 28, 2016


I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, March 28, 2016, using the ECF system and/or ordinary mail.

s/William Barkholz
Case Manager

6